UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK VILLENEUVE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CONNECTICUT, STATE OF, et al., )<br>)<br>    Defendants. ) | Civil No. 9-13-B-W |

**RECOMMENDED DECISION**

Mark Villeneuve, formerly an attorney in the State of Connecticut (Compl. ¶ 6), has sued the State of Connecticut and others in connection with a grievance complaint filed against him with the Connecticut Statewide Grievance Committee. His complaint was filed January 12, 2009, and remains pending and awaiting response from the State of Connecticut, which I have notified to respond by April 17, 2009.

In the meantime, on March 18, 2009, Villeneuve filed a motion for a preliminary injunction (Doc. No. 17) claiming that he had received notice on March 17, 2009, that the underlying grievance hearing was scheduled to take place on April 9, 2009. Villeneuve alleges that he will suffer irreparable harm if the grievance hearing takes place prior to the adjudication of the underlying constitutional issues he raises in his complaint.[1] On April 3, 2009, Villeneuve filed what he styled as a "Motion for Ruling on Motion for Preliminary Injunction" (Doc. 28) reiterating his request that the State of Connecticut be enjoined from pursuing the grievance hearing against him. On April 6, 2009, Villeneuve filed an "Emergency Motion for Ruling on Motion for Preliminary Injunction" (Doc. 30)

---

[1] Villeneuve claims the Connecticut Professional Rules of Conduct 8.4(3) and 8.4(4) are unconstitutionally broad, void for vagueness and violative of the plaintiff's constitutional rights. (Mot. For Prelim. Inj. at 4, Doc. 17-2.)

because he had received notification that his request for a continuance of the grievance hearing was denied.  On April 8, 2009, the United States District Court Judge referred these three matters to me for a recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B).  I now recommend that the Court deny the motions.

To justify the entry of a preliminary injunction, the party seeking relief must demonstrate that the following four factors weigh in its favor:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and, (4) the effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 17-18 (1st Cir. 2006); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).

Mr. Villeneuve advances the argument that he will succeed on the merits of his challenge because the Connecticut Rules of Professional Conduct are unconstitutionally vague and "inconceivably broad" insofar as they classify fraud, dishonesty, deceit and conduct prejudicial to the administration of justice as "misconduct."  (Mot. for Prelim. Inj. at 6-7.)  As examples of theoretical violations of these provisions, Villeneuve points to hypothetical scenarios having nothing to do with the provision of legal services.  (Id. at 6-10.)  He makes no effort to discuss the actual conduct that is at issue in the grievance proceeding but appears to be launching a facial constitutional challenge exclusively.  In any event, this is not the proper forum in which to make factual findings regarding the underlying grievance.  Additionally, the essence of procedural due process is notice and a hearing.  Mard v. Town of Amherst, 350 F.3d 184, 189 (1st Cir. 2003).  Mr. Villeneuve

has not demonstrated that the Connecticut authorities have denied him either.  I find that Villeneuve has failed to demonstrate a likelihood of success on the merits of his claims.

Mr. Villeneuve argues that he will suffer irreparable harm if the grievance goes forward because he is indigent and cannot afford to travel to Connecticut in order to defend himself against the grievance.  In support of this he cites my finding that he may proceed in this matter *in forma pauperis* (Doc. 4).  He fears disbarment if he fails to attend the hearing.  I find that Villeneuve fails to demonstrate that this factor weighs in his favor because he is not presently practicing in Connecticut and his arguments that the relevant Connecticut rules are unconstitutional on their face may be presented in briefs filed in the Superior Court of Connecticut on appeal from any adverse finding that might be made by the Grievance Committee.  Brunswick v. Statewide Grievance Comm., 931 A.2d 319, 325-26 (Conn. App. Ct. 2007).

Finally, I find that the interest shared in common by the State of Connecticut, the Connecticut state judiciary, and by the citizens of Connecticut in regulating the conduct of attorneys licensed to practice within that jurisdiction is a substantial interest that is not outweighed by Mr. Villeneuve's mere desire to litigate constitutional issues in this forum rather than in the Connecticut forum.[2]

Accordingly, I RECOMMEND that the Court DENY the Motion for Preliminary Injunction (Doc. 17), the Motion for Order on Motion for Preliminary Injunction (Doc.

---

[2] The Anti-Injunctions Act, 28 U.S.C. § 2283, may also apply in this situation because the Statewide Grievance Committee is an arm of the Connecticut court system and not the typical state administrative agency.  See SMA Life Assurance Co. v. Sanchez-Pica, 960 F.2d 274, 276 (1st Cir. 1992) (noting that the Act does not apply to state administrative action, only to state court proceedings); Sobocinski v. Statewide Grievance Comm., 576 A.2d 532, 525-26 (Conn. 1990) (describing the Statewide Grievance Committee as an arm of the court).

3

28), and the Emergency Motion for Order on Motion for Preliminary Injunction (Doc. 30).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge

April 8, 2009