UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK VILLENEUVE, | ) | |
|       Plaintiff | ) | |
| v. | ) | Civil No. 09-13-P-S |
| STATE OF CONNECTICUT, et al., | ) | |
|       Defendants | ) | |

### *RECOMMENDED DECISION ON ORDER TO SHOW CAUSE*

On May 14, 2009, this court ordered the plaintiff to show cause why service of process has not been timely made on named defendants Sandra Cunningham, Richard Florentine, Michael Bowler, Frances Mickelson-Dera, John Mastropietro, and Gregory Benoit. Order to Show Cause (Docket No. 51). The plaintiff has filed a timely response. Because that response fails to show that service of process has been made or that any good cause exists as to why the time for service should be extended beyond the 120 days from filing of the action provided by Fed. R. Civ. P. 4(m), I recommend that the action be dismissed without prejudice as to those defendants.

**I. Bowler, Mickelson-Dera, and Florentine**

The plaintiff, who describes himself as "formerly an attorney in the State of Connecticut," Amended Complaint (Docket No. 10) ¶ 6, asserts that he "has provided service to Michael Bowler, Frances Mickelson[-]Dera and Richard Florentine" by sending each of them "a waiver of service of summons, copy of the complaint and self[-]addressed stamp[ed] envelope" at what he "believes" to be their business addresses. Response to Order to Show Cause (Docket

1

No. 54) at [1]. He adds that "on information and belief" these defendants received this mail and thus "have been properly served." *Id.*

Merely mailing copies of a complaint and summons to a named defendant, along with a request that formal service of the complaint be waived, does not complete service of the complaint and summons. No return of service or executed waiver of service for any of these individuals has been filed with the clerk's office of this court. Federal Rule of Civil Procedure 4(d)(2) provides a penalty for a defendant who fails without good cause to return the waiver, including "the expenses later incurred in making service." Those expenses are those incurred in making in-person service on the non-waiving defendant.

As the leading treatise on the Federal Rules of Civil Procedure makes clear:

> In addition to stating the date on which the request was sent, [the request for waiver of service] must state the time by which the defendant must execute the waiver and return it to the plaintiff. . . . Thus, if the plaintiff has not received the waiver from the defendant within the specified time, it should be construed as a refusal to waive formal service. At that point, the plaintiff . . . should arrange for a person authorized to serve process . . . to attempt to serve the defendant pursuant to Rule 4(d), (e), (f), or (h) since service of the summons has not been validly completed.

4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1092.1 at 496-97 (3d ed. 2002).

To the extent that Connecticut law governs service on these defendants, for whom the plaintiff has given mailing addresses in Connecticut, under Fed. R. Civ. P. 4(e)(1),[1] the only service by regular mail allowed under Connecticut law involves actions concerning child support orders. *See* Conn.Gen.Stat.Ann. §§ 52-54 & 52-57. This is not such an action.

From all that appears on the docket, the plaintiff has not completed valid service of the complaint and summons on defendants Bowler, Mickelson-Dera, and Florentine. He has not

---

[1] The plaintiff has not complied with the options provided for out-of-state service provided by Fed. R. Civ. P. 4(e)(2).

demonstrated good cause for this failure. The action should be dismissed without prejudice as against these individuals.

## II.  Cunningham, Mastropietro, and Benoit

With respect to named defendants Sandra Cunningham, John Mastropietro, and Gregory Benoit, the plaintiff asserts that his failure to serve them is due to "the fact that it took the defendant, State of Connecticut, 85 days before they filed an appearance in this matter." Response to Order to Show Cause at [2]. Since he "intends to use discovery in order to obtain the business addresses" of these defendants, and discovery has not yet commenced, the plaintiff contends, it is the State of Connecticut that has made it "impossible" for him to serve these defendants. *Id*.

The plaintiff's presentation does not amount to a showing of good cause for failure to serve these individuals. Under this court's procedures in civil cases, a scheduling order generally will not issue and discovery will not begin until all named defendants have been served. All named defendants should have the same opportunity to participate in discovery. This court will not ordinarily extend the discovery period each time an additional defendant is served, nor will it establish defendant-specific discovery periods within a single action. If the plaintiff does not know where to serve individuals whom he wishes to sue, he cannot file suit against them, in the hope of finding this information at some indefinite future time.

This court's standard scheduling order includes a deadline for the joinder of additional parties. *See, e.g.,* Scheduling Order with incorporated Rule 26(f) Order, *Geary v. Bradco Supply Corp.*, Civil No. 09-16-P-S (Docket No. 6) at 2. A plaintiff may use discovery to attempt to obtain service information from named and served defendants, and then join the other desired defendants within the time limit set by the scheduling order once they have been properly served,

but this procedure is unavailing where unserved defendants are named in the initial complaint, because the failure to serve them prevents the entry of a scheduling order.  If a plaintiff cannot locate a desired defendant by the joinder deadline, he or she will have to sue that defendant separately and subsequently, when the plaintiff has located that defendant at a place where the defendant may be served with a complaint and summons.  The court cannot countenance the bringing of an action against unserved defendants essentially as a placeholder, to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants.  The 120-day time limit for service set by the federal rules of civil procedure must be observed, unless extended on a showing of good cause.  Fed. R. Civ. P. 4(m).  Here, no showing of good cause has been made.

For the foregoing reasons, I recommend that the court find that the plaintiff has not shown good cause for his failure to serve named defendants Sandra Cunningham, Richard Florentine, Michael Bowler, Frances Mickelson-Dera, John Mastropietro, and Gregory Benoit and accordingly dismiss those defendants from this action, without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of May, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
