UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK VILLENEUVE, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 09-13-P-S |
| | ) | |
| STATE OF CONNECTICUT, | ) | |
| | ) | |
| *Defendant* | ) | |

RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT
AND DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO DISMISS

The following motions in this action have been referred to me for decision or recommended decision: the plaintiff's motion for default against the State of Connecticut (Docket No. 14), the plaintiff's second motion for default against the State of Connecticut (Docket No. 23), the plaintiff's motions for default judgment against the State of Connecticut (Docket Nos. 24 & 29), and the State of Connecticut's motion to dismiss (Docket No. 44). Also before me are the plaintiff's two motions to supplement the record in connection with the motion to dismiss (Docket Nos. 78 & 81). I recommend that the court deny the plaintiff's motions for default and default judgment and grant the state's motion. I also strike several improper pleadings filed by the plaintiff.

The subject matter and procedural history of this proceeding have been previously described in earlier rulings of this court, to which the reader is referred for specific information. *See* Docket Nos. 32, 41, 63. For present purposes, suffice it to note that the plaintiff, formerly an attorney in the State of Connecticut, has sued the state and others in connection with a grievance

complaint filed against him with the Connecticut Statewide Grievance Committee. Only the State of Connecticut remains a defendant. The plaintiff appears *pro se*.

## I. The Motions for Default and Default Judgment

### A. The First Motion for Default

The complaint in this action was filed in this court on January 12, 2009. Docket No. 1. On March 10, 2009, the plaintiff filed a motion for leave to amend the complaint which was granted that day. Docket Nos. 8-9. On March 11, the plaintiff's first amended complaint was filed. Docket No. 10.

On March 13, 2009, the plaintiff filed his first motion for default against the State of Connecticut, alleging that the state had been served with his complaint on February 19, 2009, and had not responded within the 20-day period thereafter specified by Fed. R. Civ. P. 12(a). Motion for Default for Failure to Plead and/or Appear Against State of Connecticut Only (Docket No. 14) at 1-2. This motion was filed two days after the deadline for filing an answer had run.

On March 16, 2009, Magistrate Judge Kravchuk of this court entered an order to show cause, acknowledging that the state had not yet filed an answer and further stating:

> The allegations in the complaint raise serious questions in my mind concerning venue and personal jurisdiction and would also appear to raise issues of sovereign immunity, although it is alleged [that] the State of Connecticut has waived sovereign immunity. (Am. Compl. ¶ 5.)
>
> Venue and personal jurisdiction are matters that can be waived by defendants and I am reluctant to *sua sponte* either dismiss the case or order it transferred to the District of Connecticut without giving both sides an opportunity to be heard. Therefore, both Villeneuve and the State of Connecticut shall show cause why the District of Maine is the appropriate venue for this action.

Order to Show Cause (Docket No. 15) at 1. The parties were given until April 17, 2009, to respond. *Id*. at 2. Judge Kravchuk expressly reserved ruling on the then-pending motion for entry of default now before me. Docket No. 16.

The amended complaint certifies that "a copy of the foregoing Complaint was served on March 11, 2009, through the Courts on all parties of record." Docket No. 10 at 72. On April 14, 2009, counsel for the state filed a motion to extend the time for the state to respond to the order to show cause to a date 21 days from the date of service on the state of the first amended complaint, which it asserted had not yet been accomplished. Docket No. 37. I ruled that service of the first amended complaint had been accomplished at least by April 15, 2009, pursuant to Fed. R. Civ. P. 5(a)(1)(B) and (b)(1), since the plaintiff stated that he had sent a copy of the amended complaint to counsel for the state, who had filed the motion for an extension of time the previous day. In my order, I gave the state until May 1, 2009, to file its response to the amended complaint. Docket No. 41. On May 1, 2009, the state filed its motion to dismiss.[1] Docket No. 44.

By any view of these facts, the plaintiff was not entitled to entry of default judgment on his first motion. Judge Kravchuk's reservation of ruling on the motion at the same time as she ordered the state to respond to the order to show cause in practical effect extended the time for the state's filing of an answer. In any event, on March 13, 2009, when the plaintiff filed his first motion for default, the operative complaint to which the state was required to file an answer was the plaintiff's amended complaint, and it had been filed (and served, according to the plaintiff) only two days earlier. Indeed, the plaintiff had sought and was given leave to file his amended complaint on the day *before* the state's answer to the initial complaint would have been due. *See*

---

[1] The filing of a motion to dismiss the complaint within the time period set for filing a response to a complaint is sufficient to toll that deadline. *See* Fed. R. Civ. P. 12(b); *Watson v. Massanari*, 2001 WL 1356161 (D. Me. Nov. 5, 2001), at *1 n.1.

3

Docket Nos. 8, 9, and 12. When an amended complaint is filed before a defendant's answer is due, the defendant is not required to answer the superseded initial complaint. *See generally Chandler v. District of Columbia*, 578 F.Supp.2d 73, 78 (D.D.C. 2008) (*pro se* plaintiff may have misunderstood applicable procedural rules and believed that defendant was in default for failing to submit answer to initial complaint when it had timely answered amended complaint).

Even if that had not been the case, Judge Kravchuk's order to show cause, giving the state until April 17, 2009, to file a response to the show cause order and my order of April 17, 2009, directing the state to file a response to the amended complaint by May 1, 2009, absolved the state of any failure to file an earlier answer. The first motion for entry of default should be denied.

### B. The Second Motion for Entry of Default

On March 24, 2009, eight days after the order to show cause had been filed and ruling on the first motion for entry of default had been reserved, and 13 days after the filing of the first amended complaint, the plaintiff filed his second motion for entry of default against the state, continuing to assert that the state had been required by Fed. R. Civ. P. 12 to file an answer to his initial complaint no later than March 11, 2009, which was also the date on which the first amended complaint was filed (Docket No. 10). Motion for Default for Failure to Plead and/or Appear Against State of Connecticut Only (Docket No. 23) at 2.

In this motion, the plaintiff asserts that Judge Kravchuk had reserved ruling on his first motion for entry of default only "until the plaintiff was able to demonstrate that the District Court of Maine had personal jurisdiction over the defendants and that the District Court of Maine was the proper venue," and that, by filing his response to the order to show cause, he had made that showing "unequivocally" and therefore was entitled to entry of default against the state. *Id.*

4

That argument reads far too much into Judge Kravchuk's statement that the court was "reserving ruling" on the first motion. And, in any event, this court has not yet ruled that it has personal jurisdiction over the state nor that this court is the proper venue for the plaintiff's action. The mere filing of a memorandum asserting that this court has personal jurisdiction over the state and that Maine was the proper venue for the plaintiff's claims does not determine the issues. Only the court can do that.

Two days later, on March 26, 2009, the plaintiff filed a document entitled "Objection to Court's Refusal to Grant Default and Default Judgment as to the Defendant State of Connecticut" (Docket No. 25), in which he made essentially the same argument.

The second motion for entry of default should be denied and the "objection" should be considered moot with respect to the two requests for entry of default.

### C. The First Motion for Entry of Default Judgment

On March 25, 2009, the plaintiff filed a motion for entry of default judgment against the state. Motion for Default Judgment for Failure to Plead and/or Appear Against State of Connecticut Only (Docket No. 24). The motion repeats the plaintiff's argument that he has "unequivocally" demonstrated that this court has personal jurisdiction over the State of Connecticut and that venue in this court is proper for his claims. *Id*. at [2]. From this erroneous premise, the plaintiff goes on to conclude that he is entitled to an entry of default judgment against the state as requested in his motion for entry of default filed on March 24, 2009 (Docket No. 23). *Id*.

Default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Rule 55(a). Default judgment may be entered against a defendant who has been defaulted for not appearing. Rule 55(b). A default may be set

aside for good cause, Rule 55(c), but a default judgment may be set aside only under Fed. R. Civ. P. 60(b), *id*. Rule 60(b) provides that a party may be relieved from a default judgment only for mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; proof that the judgment is void, or the judgment has been satisfied, released, or discharged, or was based on a judgment that has since been reversed or vacated, or that prospective application of the judgment would no longer be equitable. Rule 60(b).

Because I have concluded that the plaintiff is not entitled to entry of default, a necessary prerequisite to entry of default judgment, the first motion for entry of default judgment should be denied.

### D. Second Motion for Default Judgment

On April 6, 2009, the plaintiff filed a document entitled Motion for Final Default Judgment for Failure to Plead and/or Appear Against State of Connecticut Only ("Second Judgment Motion"). Docket No. 29. The motion states that it "is based on defendant, state of Connecticut's, failure to respond to the summons and complaint properly served by U.S. Marshal[] on February 19, 2009[.]" *Id*. at 2.[2] For the reasons already discussed, this motion should also be denied.

### II. The Motion to Dismiss

The State of Connecticut has filed a motion to dismiss the claims asserted against it by the plaintiff on several grounds. Defendant State of Connecticut's Motion to Dismiss ("State Motion") (Docket No. 44). The motion is based on assertions that this court lacks subject-matter jurisdiction over the plaintiff's claims and, in the alternative, that venue in this court is improper. *Id*. at 1.

---

[2] The motion cites "Rule 55 A (b)(2), Federal Rules of Civil Procedure," Second Judgment Motion at 2, a rule which does not exist. To the extent that the plaintiff meant to cite to Rule 55(b)(2), the preceding discussion of the plaintiff's first motion for entry of a default judgment applies.

6

### A. Applicable Legal Standards

A motion to dismiss for lack of subject-matter jurisdiction invokes Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Acosta-Vega v. Brown*, 107 F.3d 1 (table), 1996 WL 734029 (1st Cir. Dec. 20, 1996), at *1. The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 159-60 (3d ed. 2004); *see also Acosta-Vega*, 1996 WL 734029 at *1; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

A motion to dismiss for improper venue invokes Fed. R. Civ. P. 12(b)(3). In a case such as this, where the complaint is based at least in part on the existence of a federal question, Amended Complaint (Docket No. 10) ¶¶ 1- 3, venue is determined according to 28 U.S.C. § 1391(b), which states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

## B.  Discussion

### 1.  Federal-Law Claims

The state first argues that the Eleventh Amendment to the United States Constitution bars the plaintiff's federal-law claims against it.  State Motion at 5-6.  Generally speaking, a state may not be sued in federal court because of the Eleventh Amendment, and this immunity extends to state officers sued in their official capacity.  *Palm v. Maine*, 532 F.Supp.2d 198, 199 (D. Me. 2008).  This immunity extends to claims brought under 42 U.S.C § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Quern v. Jordan,* 440 U.S. 332, 341-44 (1979), as are most of the claims asserted against the state in this case.  Amended Complaint ¶¶ 1-3, Third Count, Fourth Count, Sixth-Ninth Count, Eleventh Count, Fifteenth Count, Nineteenth-Thirty-Second Count.[3]  There are several additional counts that do not invoke section 1983 but appear to allege federal claims against the state: the Sixteenth-Eighteenth, and Thirty-Fifth to Thirty-Eighth (and last) Counts.

The operative complaint alleges that the state "has consented to be sued on all matters relevant to this complaint, thus abrogating [its] 11th Amendment immunity from suit."  *Id*. ¶ 5.  This assertion need not be credited in connection with a motion to dismiss brought under Rule 12(b)(1).  *Marcello v. Maine*, 464 F.Supp.2d 38, 41 (D. Me. 2006) (court free to test truthfulness of plaintiff's allegations to extent court engages in judicial factfinding in connection with motion under Rule 12(b)(1)).  The party invoking the jurisdiction of a federal court carries the burden of proving its existence.  *See Hollingsworth v. United States*, 2005 WL 3435099 (D. Me. Dec. 14, 2005), at *3 (and cases cited therein).  Lack of subject-matter jurisdiction may exist despite the formal sufficiency of the allegations in the complaint.  5B Charles Alan Wright & Arthur R.

---

[3] The operative complaint includes two different Nineteenth Counts.  Amended Complaint at 29-33.

Miller, *Federal Practice and Procedure*, § 1350 at 155; *Marrero v. Israel Rodriguez & Partners, Inc.*, 2006 WL 573914 (D. P.R. Mar. 8, 2006), at *2.

In his opposition to the motion to dismiss, the plaintiff does not provide any factual basis for paragraph 5 of the amended complaint. He does not specify *how* he alleges that the state consented to his suit. Instead, under the heading "11th Amendment Immunity," he discusses the applicable rules for service of process on the state and any of its employees sued in their official capacities and the "widely known" principle that "a suit against a defendant in [his or her] official capacity is the same as a suit against the entity." Objection to Defendant's Motion to Dismiss ("Opposition") (Docket No. 58) at 4. He concludes: "Thus, all of the defendants have been served in their official capacities and counsel for the defense raises no arguments as to their 11th Amendment immunity because it does not exist." *Id*. at 5.

There are several infirmities in the plaintiff's argument. First, the plaintiff's conclusion does not follow from his premise. Second, the motion to dismiss is brought only by the State of Connecticut and involves no other defendants. Third, all named individual defendants have now been dismissed from this action. Docket Nos. 63 & 83. Finally, counsel for the state has raised an unrefuted argument that the Eleventh Amendment applies to the plaintiff's claims against the state.[4]

The plaintiff has the burden of showing a waiver of sovereign immunity. *Hanley v. United States*, 1994 WL 723678 (1st Cir. Oct. 5, 1994), at *2. The plaintiff has made no showing, and attempted no showing, that the state's Eleventh Amendment immunity has in fact

---

[4] The plaintiff has filed two additional documents, one entitled "Sur-Reply Brief to Plaintiff's [sic] Motion to Dismiss" (Docket No. 68) and the other entitled "Supplemental Brief to Plaintiff's [sic] Motion to Dismiss" (Docket No. 71). He did not seek leave of court to file these memoranda of law, which are not contemplated by this court's local rules. *See* Local Rule 7. Docket Nos. 68 and 71 are STRICKEN. *See generally Uncle Henry's Inc. v. Plaut Consulting Inc.*, 2002 WL 31833139 (D. Me. Dec. 17, 2002), at *3; *Reed & Reed, Inc. v. Weeks Marine, Inc.*, 2004 WL 256335 (D. Me. Jan. 9, 2004), at *4 n.6.

been waived. Accordingly, the motion to dismiss should be granted with respect to all federal-law claims asserted against the State of Connecticut in the amended complaint.

My recommended decision on this issue makes it unnecessary to address the several alternate bases for dismissal of the section 1983 counts presented by the State of Connecticut. State Motion at 6-8. The same is true of the federal claims that do not specifically invoke section 1983.

### 2. State-Law Claims

The plaintiff asserts state-law claims against the State of Connecticut in the First, Second, Fifth, Tenth, Twelfth-Fourteenth, Thirty-Third, and Thirty-Fourth Counts of the operative complaint. Amended Complaint at 5-6, 11-12, 19-20, 22-25, 58-60. The state contends that, having dismissed the plaintiff's federal claims, this court should not exercise supplemental jurisdiction over his state-law claims. State Motion at 9-10. It also contends that the District of Maine is not the proper venue for these claims. *Id*. at 10-11. The plaintiff responds to the venue argument, Opposition at 30-34, but not to the state's position on supplemental jurisdiction. I find the state's supplemental jurisdiction argument to be persuasive.

In the absence of any federal claims remaining after resolution of a motion to dismiss, the court must determine whether to entertain the plaintiff's state-law claims. *See* 28 U.S.C. §1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *United Maine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the

early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Snowden v. Millinocket Reg'l Hosp.*, 727 F.Supp. 701, 710 (D. Me. 1990) (the *Gibbs* doctrine "require[s] dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient.").

Particularly where, as here, the claims at issue are based on Connecticut rather than Maine law, it is appropriate to dismiss those claims when all of the federal claims are being dismissed.[5] Such issues are best decided by the courts most familiar with the law at issue.

### III. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motions for entry of default (Docket Nos. 14 & 23) and for entry of default judgment (Docket Nos. 24 & 29) be **DENIED** and that the State of Connecticut's motion to dismiss (Docket No. 44) be **GRANTED.** The plaintiff's memoranda of law (Docket Nos. 68 & 71) are stricken, and the plaintiff's motions for leave to supplement the record with respect to the motion to dismiss (Docket Nos. 78 & 81) are **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

---

[5] The plaintiff has filed a "Motion to Supplement Record on Motion to Dismiss" (Docket No. 78) and a "Second Motion to Supplement the Record on the Motion to Dismiss" (Docket No. 81). Each presents additional, but familiar, arguments based on an assertion that the underlying grievance procedure out of which the plaintiff's claims arise has been "disposed of." The state takes the position that the grievance proceedings in Connecticut are "still ongoing." Defendant State of Connecticut's Objection to Plaintiff's Motion for Alternative Dispute Resolution (Docket No. 77) at 2. Whatever the status of the grievance proceeding, the two motions add nothing relevant to the bases for my recommended decision. Accordingly, they are denied.

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of July, 2009.

                                      /s/ John H. Rich III
                                      John H. Rich III
                                      United States Magistrate Judge